UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

AMANTE SANTIAGO,
              Defendant.

REPORT AND RECOMMENDATION
20-CR-6101-04-EAW-MJP

**Pedersen, M.J.** On March 16, 2021, the Court held oral argument on Defendant's Omnibus Motion (ECF No. 307). The undersigned reserved on the issues of suppression of tangible evidence and statements (*id.* at 22–24, 45–63). For the reasons stated below, the undersigned recommends that the District Court deny Defendant's motion for suppression of physical evidence and statements.

### *Suppression of Tangible Evidence Recovered from 700 Still Moon Crescent Pursuant to a Search Warrant*

Defendant moves to suppress the evidence recovered from the search of his residence, which was conducted pursuant to a judicial warrant. Probable cause to search a place exists if the issuing judge "make[s] a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The standard is one of "probability, and not a prima facie showing of criminal activity . . . ." *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir. 1983). Probable cause "need not be based on

direct, first-hand, or hard evidence." *United States v. Thomas*, 757 F.2d 1359, 1367 (2d Cir. 1985).

Once a search warrant has been issued, a reviewing court must accord substantial deference to the issuing judicial officer's prior finding of probable cause. The affidavit that supported the application "must be tested and interpreted by . . . courts in a common sense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). The Second Circuit has summarized the principles that should guide a court in reviewing the probable cause determination of the judicial officer who issued the warrant:

> [The reviewing court's] after-the-fact examination of the papers is not to be *de novo* review. It should start with the proposition that the Magistrate's finding of probable cause is entitled to substantial deference. In fact, a search based upon a magistrate's determination will be upheld by a reviewing court on less persuasive evidence than would have justified a police officer acting on his own. Further, the magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of this warrant. This is particularly true in close cases where doubts should be resolved in favor of upholding the warrant.

*United States v. Travisano*, at 341, 345; *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993).

The undersigned issued the search warrant for 700 Still Moon Crescent having found that the affidavit submitted by DEA Special Agent Sabatino Smith established sufficient probable cause that the residence would contain evidence of criminal activity. (Smith Aff. in Supp. of Criminal Comp. and Search Warrants, ¶¶ 150, 151, 152, 405, 405a, 406, ECF No. 1.) Placed in the position of having to review its own findings, this Court accords substantial deference to its initial findings.

The warrant also guided the officers as to how to search the cell phones, computers and other digital media seized. The addendum to the warrant provides that "2. ln conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself." With respect to the search of the digital devices seized at 700 Still Moon Crescent, during the execution of the search warrant at that location on April 30, 2020, the cell phone seized has not yet been analyzed. Rule 41(e)(2)(B) provides that:

> *Warrant Seeking Electronically Stored Information.* A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

Fed. R. Crim. P. 41(e)(2)(B). The search warrant for defendant's residence, authorized the seizure of "Cellular (mobile) telephones, smart phones, blackberries, PDAs, other wireless communication instrument and handheld electronic information storage media, and associated charging devices and computers." Pursuant to that authorization, a cellular phone was seized from the residence during the search.

The Smith Affidavit established sufficient probable cause to believe that 700 Still Moon Crescent contained evidence of drug dealing and other criminal activity. As set forth in the Smith Affidavit, Defendant is alleged to be a drug dealer who has dealt large quantities of drugs for years in Rochester. (Smith Aff., ¶¶ 26–28, 42–45.)

Defendant was also present when codefendant Cruz-Vega sold drugs to CS-5. (Smith Aff., ¶ 85.) The Smith Affidavit also identifies instances when defendant was supplied with drugs at the Florack Street house. (*Id.*, ¶¶ 284–290.)

The Smith Affidavit includes a description of defendant's suspected drug trafficking activity during which he was apparently supplied with drugs by lead defendant Gonzalez-Rivera and subsequently travelled back to 700 Still Moon Crescent after this transaction. (Smith Aff., ¶¶ 147–52.) Surveillance also showed that he spent the night there on a regular basis. (Smith Aff., ¶ 405.) Defendant also rented a vehicle in his own name but gave a different address to the rental company indicating an attempt to distance himself from 700 Still Moon Crescent. (Smith Aff. ¶ 405a.)

It is well settled that the exclusionary rule does not apply to evidence seized by police who have acted in reasonable reliance on a search warrant that was issued by a neutral magistrate judge, even if the magistrate judge's probable cause determination is incorrect. *United States v. Leon*, 468 U.S. 897, (1984). This exception applies so long as the magistrate judge has not abandoned his neutral role, the officer has not been dishonest or reckless in preparing the affidavit, and there are sufficient indicia of probable cause to permit a reasonable belief in its existence. *Id*. Therefore, the warrant was proper, and evidence seized from the warrant should not be suppressed.

***Suppression of Statements***

At the time the oral argument took place, the parties were unsure as to if the government planned on using statements made by Defendant. Defense counsel

4

moved to suppress statements should they be used. The government attests that it has turned over all statements made by Defendant. Currently, there appear to be no further motions seeking suppression of statements. If Defendant wishes to move to suppress statements, Defendant should file a separate motion outlining the statements in question as well as the grounds. The Court recommends that the motion, made by counsel at the oral argument, to suppress statements by Defendant be denied without prejudice.

## CONCLUSION

For the reasons stated above, the Court recommends the District Court deny Defendant's motion to suppress physical evidence, as well as deny the oral motion to suppress statements, without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order***. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations

5

to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.

DATED:   January 5, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

6